We'll move now to Appeal 23-3251, United States v. Gregory Johnson, and we'll begin with oral Thank you, Judge. Attorney Michael Roy, on behalf of Appellant Gregory Johnson, this Court should vacate the $5,000 assessment under 18 U.S.C. 2259A. I am going to do my best to avoid acronyms or alphabet soup or saying lots of statute numbers in this appeal, but I understand that I might slip up, and I'm happy to also adopt any terminology the Court uses. But fundamentally, I think that the issue is pretty simple, even if it involves a lot of alphabet soup. The judge found that Mr. Johnson could not afford a fine. The assessment under 2259A adopts all of the same standards as is used to assess indigency for a fine. The judge was at minimum required to explain why the findings of indigency were different for the assessment as opposed to the fine. Mr. Roy, do you agree that the statute, that 2259A, is mandatory, and you're just disputing the amount the Court assessed? Or are you challenging the mandatory nature of 2259A in the first instance? I don't believe it is mandatory in the same sense that, say, some other statutes are mandatory, like the special assessment. How do you get around the shall-assessed language? Because it also then goes on to say you must consider the financial status of the defendant. I think that makes it more similar to the 3013 assessment, which also uses shall language. Why doesn't that go to the amount as opposed to the imposition in the first place? I suppose there is a way to construe the statute that maybe if you find a defendant is truly indigent, you award nominal assessment. After all, like a lot of these restitution procedures draw from civil law, it's not uncommon to have things like $1 damages on a nominal amount of damages. So perhaps that is the construction, though I'm not aware of any court adopting that specific position. There isn't a lot of case law out there, which I think you'll recognize in your briefing. But I don't know how you get around the shall language. The Court shall assess. I think you have some arguments about how much that makes some sense, but in terms of imposing it in the first instance. I think the implication is shall assess after considering the factors under 3572 and under 3553A. If the assessment comes after considering financial status, there are going to be situations where someone cannot pay. The statute in reference to 3553A and 3572, the two statutes I think you were just talking about, it specifically says in determining the amount of the assessment under this subsection, the Court shall consider those factors, not in determining whether to assess in the first place. The last thing I would do is contrast this to 2259, the restitution that is due to identified victims. This was a non-victim case, but if there is a victim, 2259 kicks in. That one is Congress made sure to make it clear that that was truly mandatory. Sub B4 of that says in it, order mandatory. There's an entire subsection of that statute saying order mandatory. Subsection A of that subsection, again, says issuance of restitution under this section is mandatory. It's like the third time they're using mandatory language. And subsection B says the Court may not decline to issue because of economic circumstances. That language was not included in 2259A. So I think if Congress wanted to make 2259A mandatory in all cases similar to 2259, it would have included similar language. However, even if this Court does construe it as only going towards the amount, again, maybe he is owed a dollar in restitution, then that would still require remand in this case. I do want to also just briefly highlight, along with the fine, of course, the 3013, sorry, 3014 assessment under the Justice for Victims of Trafficking Act. This Court held in Otradovich that the indigency assessment under 3014 is basically the same as you would use under 2259A. So the Court's finding that it's indigent under that statute, again, contradicts the assessment under 2259A. And so I think McIntosh, which is a case the government relies heavily on, really helps bolster our position. So in McIntosh, it was talking about the Mandatory Victim Restitution Act. The Court doesn't need to explain separately for the Mandatory Victim Restitution Act because, like 2259, the MVRA has that language that says do not consider financial status. But they did say the traditional Victim Restitution Act, which would be section 3663, it would create a potential contradiction in the sentence if the judge did not explain why it was imposing it. And so that's more close to 2259A, which involves discretion in the same way that the 3663 restitution requires discretion. So like this Court said in McIntosh, if the Court were to find too indigent to a fine but impose a 3663 assessment, it would need to explain why. Same here. If the Court finds too indigent to impose a fine but does not explain why imposing a 2259A assessment, that creates a legal problem. I apologize for all the numbers. I am happy to clarify anything. I hope I didn't get any statutes wrong there. Is there enough in the record based on the roughly $40,000 in the retirement account that would justify this? Or is your argument that the judge didn't make that link? Let me rephrase. If the Court had said, I'm imposing a $5,000 fine here under 2259 or assessment under 2259A because he has $40,000 in a retirement account, is that sufficient? I think if the Court did something like in the Tenth Circuit case, Gentry or Gentry that the government cites, where it's like I am saying that he only has enough money for $5,000 in total. I'm going to put that towards the assessment and waive the fine. Then we would be arguing clear errors, probably not be bringing the appeal at all in that case. But the PSR, it's mostly facts about his indigency. Other than the 401K account, which, of course, the government's right, can be garnished in some cases. There are additional considerations there. He can't access the 401K now, at least not without a substantial tax penalty. It's not accessible in the same way as his other funds. It's not like his bank account or income, or I guess non-income at this point. So the Court would have needed to say more. And what the Court did say under, again, the same factors that apply here is based off of what's in the PSR, he can't afford it. So that would be our link there. Thank you, Mr. Roy. Thank you, Judge. We'll now move Mr. Temkin to you for oral argument on behalf of the United States. May it please the Court. Good morning, Your Honors. Eli Temkin for the United States. This Court should affirm Mr. Johnson's judgment. The District Court followed the law in imposing the Section 2259A assessment. The Court adopted the PSR that set out sufficient findings. The Court considered the correct factors under the statute. It recognized that the assessment is mandatory, although the amount is discretionary. It imposed an assessment within the statutory range and at a level that was substantively reasonable. And it provided an explanation that was sufficient, even if it was brief. Mr. Johnson seems to be arguing two things, really. First, as to the substance, he seems to argue that the District Court's findings compelled it not to impose the 2259 assessment, or, put differently, that the Court could not impose any amount above $0. He also takes issue with the Court's explanation. He seems to argue that the Court didn't justify imposing this $5,000 assessment, given that it found Mr. Johnson indigent under Section 3014 and unable to pay a fine. Neither of those arguments is supported by the record or the law. First, Judge St. Eve, you are absolutely correct in characterizing this 2259A assessment. The assessment is mandatory. The amount is not mandatory. But the assessment, the statute says the Court shall impose this amount, or, excuse me, shall impose this assessment. In that sense, the language is similar to the Section 3013 assessment, which is mandatory, as we pointed out in our brief under, for example, this Court's Filzen case. If it is mandatory, where does the $5,000 figure come from? What's the explanation for that figure? In this case? Yes. The explanation comes from the PSR that set out sufficient findings that address the 3572 factors and from the Court's consideration of the 3553A factors. But couldn't the PSR justify any number between one and $40,000? Is there something specific about the $5,000 the PSR points to? It would be up to $50,000 under the statute. He only had $40,000 in retirement funds, though, right? Correct, $40,000 in retirement funds and then, I believe, $500 in the savings account. Yes, up to $50,000. Nothing in the PSR sets the $5,000 amount. That was the Court's exercise of its discretion. That's the question. Where does that come from? The PSR doesn't give an explanation for why $5,000 as opposed to $500 as opposed to $10,000. Can you address that? Yes, Your Honor. The PSR has the facts about his ability to pay, which is one of the considerations under 2259A along with the other 3572 factors and 3553A factors. But the PSR does not set that amount. The district court set that amount. The court could have imposed up to $50,000. The court chose not to do that. It assessed everything, and it determined that $5,000 was the right number. So, in looking at it for clear air, given all of the other findings about him being indigent, how can the $5,000 stand? Yes, Your Honor. Mr. Johnson recognizes a court can impose one of these financial consequences, penalties, assessments, whatever you want to call them, but not the others. And the statutes prioritize this 2259A assessment above the other penalties that he's talking about. So Section 3014B says that's the Justice for Victims of Trafficking Act. That expressly says that that amount is paid after any victim-related compensation payments or something to that effect, and so that puts 2259A above that. The 2259A statute itself in subsection D-2 sets up the order in which funds are to be dispersed, and that also indicates that Congress intended money to flow from this 2259A assessment before the 3014 assessment under the Justice for Victims of Trafficking Act or before a fine. So the court was adhering to the direction that Congress provided. There's also nothing inconsistent with finding Mr. Johnson indigent under Section 3014. Section 3014 sets out a binary determination. Is this defendant non-indigent? If the defendant is non-indigent, then they have to pay this $5,000 amount that's set out under statute. End of story. Section 2259A is different in that it directs the court to consider a host of factors under 3572 and 3553. So it's not just a question of whether he's indigent. In this case, the amount the district court determined was well within the bounds of reason. Mr. Johnson had the ability to pay this amount given his retirement account. He has no dependents. He has no need to pay restitution to any individual victims. The 401k funds are available under this court's Syed case and, as another example, the Fourth Circuit's Prink case. It doesn't get him out of that that he's younger than he would like to be to access his 401k funds. A potential penalty doesn't exempt those funds from paying restitution to victims of child pornography offenses. The court exercised its discretion in setting this amount well under the maximum. It also waived interest on this amount, which further indicates that it was thinking about this amount and how much Mr. Johnson could afford to pay. It's not inconsistent with the Section 3014 assessment. And Mr. Johnson does not identify any court that has held that a finding of indigency under Section 3014 precludes imposing a Section 2259A assessment. To the contrary, the Second Circuit's Gentry case affirms the imposition of a 2259A assessment even while the defendant was indigent under Section 3014. And the Tenth Circuit's Hughes case, both of which we cited in the brief, affirms the imposition of a 2259A assessment even while the defendant was unable to pay a fine. As to the explanation, a district court does not need to make an express or specific finding for each of the relevant factors. And that's the case under a number of this Court's decisions, for example, Lee and McLaughlin that we've cited in the brief. Especially in a case like this one where no party is raising the issue, the district court can make sufficient findings by relying on the PSR and adopting the PSR, which it did here, and considering the correct factors. Mr. Johnson seems to agree that adopting the PSR can support the district court's determination. He acknowledges that on pages 4 to 5 of his reply. The court, again, considered the correct factors. As to the cases about imposing one financial consequence but not others, this Court's cases in McIntosh and Bell, for example, set out how to think about this. If two payments or two types of payments share the same status and the court imposes one while finding a defendant unable to pay the other, it has to explain that. But in this case, these payments don't share the same status. 2259A is prioritized above Section 3014B under both of those statutes, and under the text of 2259A, subsection D2, it's prioritized above a fine. In McIntosh and Bell, granted the question was about consequences that were mandatory versus discretionary, but the same principle holds here, that where Congress has supplied the rationale for elevating one payment or type of payment above another, the court doesn't need to repeat that in every case, as this court expressly said in McIntosh. Finally, if this court were to find an error, if anything, it should remand to the district court a limited remand to address this under what the court determines is the correct analysis. The government is not looking to introduce new evidence, like in the cases Mr. Jempson cites in reply. We ask the court to affirm. Thank you very much, Mr. Temkin. Mr. Roy, we'll move to you now for rebuttal argument. Thank you, Judge. I do briefly just want to make the point that our position is not that the PSR mandated a fining of indigent, or that it mandates either side's position. I think thinking about, for example, the 3014 assessment, the one that's not at issue, but the one he did fine indigent and said, oh, I considered future earning potential. That could have gone either way. I mean, he's a skilled laborer. He was working in, I forget what exact type of factory. And then, of course, the defense rebuttal is like, who's going to hire him after this conviction? And so the judge made a finding about what it was. And here, the judge's findings were already made. That's why our argument is that it's de novo review instead of clear error. It's the judge misapplying the statutes and not applying the same standard for both the fine and 3014 as against the 2259A assessment. I also want to address the government's argument about priority of the different, I'm saying criminal penalties, even though I don't know if they're all strictly penalties under like Eighth Amendment jurisprudence. There is in the statute rules about the disbursement of the different monetary amounts, right? So that 2259A assessment gets dispersed before a fine, gets dispersed before other things. But it doesn't say that they get imposed in a specific order. I think that's a key distinction. Subsection D2 of 2259A directs the court not to consider other fines and assessments. It's supposed to consider it in isolation when it imposes the assessment under 2259A. It's not supposed to impose it with regard to how that is going to affect the other ones, which I think undercuts the government's sort of priority or like waterfall argument about how these different assessments should be done. And unless this court has any additional questions, I will see you the rest of my time. Thank you very much, Mr. Roy. Thank you, Mr. Temkin. The case will be taken under advisement.